Dear Mr. Shelby:
You have asked this office to reconsider the conclusion of Attorney General Opinion 00-184. Therein, we determined that the provisions of R.S. 35:399, which permit municipal chiefs of police to appoint his officers as notaries public, are inapplicable to campus police departments. The statute in its entirety provides:
 § 399. Ex officio notaries for police departments
 A. Notwithstanding any provisions of the law relative to qualifications of notaries public, each chief of police may designate officers in his office and appoint them as ex officio notaries public.
 B. Each officer so appointed may exercise, in the municipality that the police department serves, the functions of a notary public only to administer oaths and execute affidavits, acknowledgements, and other documents, all limited to matters within the official functions of the police department for the enforcement of the provisions of any statute which provides for criminal penalties and of the municipal ordinances which the police department is charged with enforcing.
 C. Each ex officio notary public shall fulfill the same bond requirements as provided by law for notaries in the parish in which the municipality is located. The municipality shall pay as an expense of the office of the chief of police the costs of the notarial seal, the notarial bond, and any fees required for filing the bond.
 D. All acts performed by each ex officio notary public authorized by this Section shall be performed without charge or other compensation.
 E. The chief of police may suspend or terminate an appointment made pursuant to this Section at any time, and separation from the employ of the police department shall automatically terminate the powers of the ex officio notary public. (Emphasis added).
In the second paragraph, quoted above, reference is made to "the municipality that the police department serves." "Municipality" is defined by constitution provision LSA-Const. Art. 44 (1974), which pertinently provides:
 § 44. Terms Defined
 Section 44. As used in this Article:
 (1) "Local governmental subdivision" means any parish or municipality.
 (2) "Political subdivision" means a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions.
 (3) "Municipality" means an incorporated city, town, or village.
 (4) "Governing authority" means the body which exercises the legislative functions of the political subdivision.
While a municipality is a political subdivision of the state, it does not follow that a municipality is equivalent to or interchangeable with all other political subdivisions of the state, such as a campus police department. A municipality is specifically defined by law as an incorporated city, town or village. The definition is not extended to include subdivision such as a campus police department.
Of further import are the provisions of R.S. 35:405, creating another exception in the law for levee district police. The statute provides:
 § 405. Ex officio notary public for levee district police
 A. Notwithstanding any provisions of law relative to qualifications for notaries public, except R.S. 35:391, the board of commissioners of a levee district created pursuant to the laws of this state may appoint three officers as ex officio notaries public. For purposes of this Section, "officer" means an employee who has attained the rank of lieutenant or a higher rank and who is a full-time commissioned police officer of the levee district.
 B. Such ex officio notary public may exercise the functions of a notary public only to administer oaths, receive sworn statements, execute affidavits, acknowledgements, and other documents, and shall be limited to matters within the official functions of the law enforcement division of the levee district.
 C. All acts performed by an ex officio notary public authorized by this Section may be performed only in the parishes in which the respective levee district has jurisdiction.
 D. The board of commissioners of each levee district may suspend or terminate an appointment made pursuant to this Section at any time, and separation from the employ of a levee district shall automatically terminate the powers of such an ex officio notary public.
The legislative enactment recognizing the levee district police as a separate entity afforded the status of notary public is authority for the argument that R.S. 35:399 was not intended to be applicable to all those groups afforded police power. Thus, Attorney General Opinion 00-184 is affirmed.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams